# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ali Khoshbakhti Vayeghan, | Case No. CV 17-0702 |
| Petitioner, | |
| v. | |
| Kelly, et al., | |
| Respondents. | |

On January 28, 2017, Petitioner Vayeghan filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, an Order to Show Cause re Preliminary Injunction, and an *Ex Parte* Application for Temporary Restraining Order ("TRO") staying his removal from the United States, and ordering his release from the custody of the Department of Homeland Security.  [Doc. ##1, 2.]  Before the Court could rule on the TRO, he was placed on a flight to Dubai to be removed to Iran.  On January 29, 2017, he filed an Amended *Ex Parte* Application for Temporary Restraining Order ("Amended TRO"), which is currently before the Court.  [Doc. # 4.]

Federal Rule of Civil Procedure 65 governs the issuance of TROs and preliminary injunctions, and courts apply the same standard to both. *See Credit Bureau Connection, Inc. v. Pardini*, __ F. Supp. 2d __, 2010 WL 2737128, at *5 (E.D. Cal. July 12, 2010) (citing *Ne. Ohio Coal. for the Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The purpose of such injunctive relief is to preserve the rights and relative positions of the parties, *i.e.*, the *status quo*, until a final judgment issues. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)).

Having reviewed and considered Petitioner's written submissions, the Court finds that:

1. Petitioner has demonstrated a strong likelihood of success in establishing that removal violates the Establishment Clause, the Immigration and Nationality Act, and his rights to Equal Protection guaranteed by the United States Constitution. *See* 8 U.S.C. §§ 1151, 1152(a)(1)(A) ("[N]o person shall receive any preference or priority or be discriminated against in the issuance of an immigrant visa because of the person's race, sex, nationality, place of birth, or place of residence."); *Johnson v. California*, 543 U.S. 499, 506–508 (2005); *Board of Educ. Of Kiryas Joel Vill. Sch. Dist. V. Grumet*, 512 U.S. 687, 696, 702–703 (1994); *Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 266–67 (1977).

2. There is a strong likelihood that Petitioner is likely to suffer irreparable harm in the absence of interim injunctive relief.

3. The balance of equities weighs sharply in favor of Petitioner and granting interim injunctive relief.

4. The Court must consider the public interest in upholding constitutional rights. *Preminger v. Pincipi*, 422 F.3d 815, 826 (9th Cir. 2005). Given the constitutional rights at issue in this case, interim injunctive relief is in the public interest.

In light of the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Respondents are enjoined and restrained from barring Petitioner's return to the United States.

2. Respondents shall transport Petitioner back to the United States and admit him under the terms of his previously approved visa.

3. Respondents shall communicate the terms of this Court's order immediately to officers in Dubai, and to authorities in the airport in Dubai holding Petitioner on Respondents' orders.

4. Respondents shall file their opposition to Petitioners' *Ex Part*e Application by February 3, 2017. Petitioner shall file her reply by February 7, 2017.

5. Respondents shall appear before the assigned judge on February 10, 2017 at 9:30 a.m. to show cause why the preliminary injunctive relief sought in the *Ex Parte*

6. Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction should not be granted.

**IT IS SO ORDERED.**

DATED: January 29, 2017

```
                            DOLLY M. GEE
                   UNITED STATES DISTRICT JUDGE
```

DATED: January 29, 2017

```
                            DOLLY M. GEE
                   UNITED STATES DISTRICT JUDGE
```